**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK LEE TAYLOR and PAMELA TAYLOR,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>HONEYWELL INTERNATIONAL, INC. and JEPPESEN SANDERSON, INC.,<br><br>        Defendants - Appellees. | No. 12-17507<br><br>D.C. No. 4:10-cv-04659-SBA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted March 11, 2015
San Francisco, California

Before: W. FLETCHER, DAVIS[**], and CHRISTEN, Circuit Judges.

This is an appeal of the district court's decision to grant summary judgment

to Honeywell on the Taylors' claims for negligent infliction of emotional distress

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

and loss of consortium.[1]  We reverse the district court's judgment and remand for further proceedings.

1.      Mark Taylor's claim for negligent infliction of emotional distress is not precluded as a matter of law.  California law does not require physical injury for negligent infliction of emotional distress.  *See Burgess v. Superior Court*, 831 P.2d 1197, 1200–01 (Cal. 1992) (en banc); *Molien v. Kaiser Found. Hosps.*, 616 P.2d 813, 821 (Cal. 1980) (en banc).  When there is a breach of duty, "a person who is in the path of negligent conduct and reasonably fears for his or her own safety may recover for resulting emotional distress."  *In re Air Crash Disaster Near Cerritos, Cal.*, 973 F.2d 1490, 1493 (9th Cir. 1992).  The district court concluded that Honeywell owed Mark a duty, and Honeywell does not contest that conclusion on appeal.  Further, the record contains evidence supporting the Taylors' claim that Mark experienced the threat of harm as a result of Honeywell's allegedly defective flight management system.  There is also ample evidence supporting the Taylors' claim that Mark suffers from post-traumatic stress disorder as a direct and proximate result.  Particularly when viewed in the light most favorable to the Taylors, *see Scott v. Harris*, 550 U.S. 372, 378 (2007), the record

---

[1]      The parties are familiar with the facts, so we do not recount them here.

shows a genuine dispute of material fact on the question whether Mark "reasonably fear[ed] for his . . . safety." *See Cerritos*, 973 F.2d at 1493.

The fact that the flight crew avoided a crash does not negate the evidence showing that the alleged negligence subjected Mark "to an unreasonable risk of personal injury" such that "a reasonable person, in [his] position, would sustain serious emotional distress." *See Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 833 (Cal. 1993) (George, J., concurring and dissenting). This case is distinguishable from cases in which plaintiffs had opportunity to avoid the threat of harm entirely. *See*, *e.g.*, *Robinson v. United States*, 175 F. Supp. 2d 1215, 1229 (E.D. Cal. 2001) (denying relief under California law because a ten-minute warning "allowed [plaintiffs] adequate time to escape the specific threat of physical injury"). Here, it was impossible for Mark to avoid the threat posed by the allegedly defective flight management system. *See Potter*, 863 P.2d at 833 (George, J., concurring and dissenting) (discussing hypothetical pedestrian narrowly avoiding speeding car and indicating that *threat* of injury is the relevant issue); *Wooden v. Raveling*, 71 Cal. Rptr. 2d 891, 897–98 (Cal. Ct. App. 1998) (quoting *Potter* hypothetical and holding plaintiff was not precluded from relief simply because car did not actually hit her). Honeywell cites no authority for the

proposition that a plaintiff's professional training precludes him from recovering emotional distress damages as a matter of law.

2.      The district court dismissed Pamela Taylor's claim for loss of consortium because it was derivative of Mark's claim.  Because we reverse the dismissal of Mark's claim, we likewise reverse the dismissal of Pamela's derivative claim for loss of consortium.

**REVERSED and REMANDED for further proceedings.**